IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-157-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL LAVANDO HARRISON | ) | |

This matter is before the court on Defendant Michael Lavando Harrison's Motion to Withdraw Guilty Plea [DE-95]. The government has responded [DE-98] and the matter is ripe for ruling. For the reasons stated herein, Harrison's motion is DENIED.

I. **PROCEDURAL HISTORY**

On May 3, 2013, Michael Lavando Harrison was arrested pursuant to a Criminal Complaint [DE-1]. Harrison was later indicted on charges that he (1) "knowingly and intentionally distribute[d] a quantity of cocaine base (crack)," and (2) "knowingly and intentionally distribute[d] twenty-eight (28) grams or more of cocaine base (crack)," both counts being in violation of 21 U.S.C. § 841(a)(1). *See* Indictment [DE-15] at 1. On June 18, 2013, the government filed a Notice of Intent to Seek Enhanced Penalty [DE-20], pursuant to 21 U.S.C. § 851.

Harrison has been through several attorneys since this case began. On October 24, 2015, the court received a letter [DE-27] from Harrison regarding his dissatisfaction with his first attorney's services. His first attorney withdrew the following day. *See* Order of October 25, 2013 [DE-31]. After a fair amount of trial preparation and plea agreement discussions, his second attorney withdrew on August 29, 2014. *See* Order of August 29, 2014 [DE-53]. Shortly before what was to be Harrison's sentencing, the court received another letter from Harrison detailing

his concerns regarding how his case had been handled and the evidence against him. On March 30, 2015, at a sentencing hearing, Harrison's third attorney made an oral motion to withdraw. While Harrison stated that he wanted to continue forward with sentencing and had not intended to blame his attorney, his counsel was adamant that a conflict existed. The court allowed Harrison's third attorney to withdraw. Harrison had previously pled guilty to Count Two of the Indictment, pursuant to a plea agreement, during his third attorney's tenure.

Harrison's present counsel entered a Notice of Appearance [DE-88] on April 9, 2015. The present motion to withdraw guilty plea followed on June 22, 2015.

## II. DISCUSSION

If, as here, a court has already accepted a defendant's guilty plea but has not yet imposed sentence, Rule 11(d) of the Federal Rules of Criminal Procedure allows the defendant to withdraw his guilty plea only if either (1) the court rejects the plea agreement, or (2) "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). "A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." *United States v. Bowman*, 348 F.3d 408, 413-14 (4th Cir. 2003) (internal quotation marks omitted) (quoting *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). The defendant bears the burden of showing the existence of a "fair and just" reason to withdraw the guilty plea. *United States v. DeFreitas*, 865 F.2d 80, 81-82 (4th Cir. 1989). Courts generally consider the following non-exclusive list of factors in determining whether the defendant has met that burden:

   (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary,
   (2) whether the defendant has credibly asserted his legal innocence,

2

(3) whether there has been a delay between the entering of the plea and the filing of the motion,
(4) whether defendant has had close assistance of competent counsel,
(5) whether withdrawal will cause prejudice to the government, and
(6) whether it will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248. The court finds that Harrison has not met his burden of showing a "fair and just" reason to withdraw his guilty plea.

### A. Plea not Knowing or Voluntary

Harrison argues that his plea was not voluntary because it was made under duress. Harrison asserts that on January 4, 2015, less than twenty-four hours before his arraignment, his attorney at the time, Raymond Tarlton, informed him that the government intended to pursue additional charges for obstruction of justice. Harrison further asserts that Tarlton also informed him that the government would withdraw the Notice of Intent to Seek Enhanced Penalty [DE-20] and dismiss Count One of the Indictment if he would plead guilty to Count Two. According to Harrison, that was the first time he had heard that the government would withdraw the enhancement. A written copy of that plea offer was given to him the next day, shortly before his arraignment.

The government asserts that on August 14, 2014, Harrison's second attorney, Rosemary Godwin, contacted the United States Attorney's Office. Ms. Godwin, having previously met with Harrison, requested that the government withdraw the Notice of Intent to Seek Enhanced Penalty [DE-20] in order to reach a plea agreement. On or about August 22, 2014, the Assistant United States Attorney received approval to extend such an offer, and that offer was extended to Harrison in writing. The government contends that Mr. Tarlton, on January 4, 2015, was simply renewing that original offer. As the government further contends, and as this court is well aware, a last minute plea agreement is not an unusual circumstance and is not, in and of itself, indicative of duress. Furthermore, while the government does not dispute Harrison's assertions regarding

3

the additional obstruction of justice charges, additional evidence does not indicate that the threat of additional charges, if true, placed Harrison under duress such that his plea was not voluntary.

The court conducted an exhaustive Rule 11 hearing during Harrison's arraignment. At no point during that hearing did Harrison raise *any* issue involving competence of counsel, the circumstances under which his plea agreement was reached, duress, or any other problem. The court reviews those proceedings here.

During the court's litany, read before Harrison's arraignment, all of the defendants were asked whether there was any among them who was not completely and fully satisfied with his attorney's services. *See* Official Transcript of Proceedings as to Michael Lavando Harrison Held on January 5, 2015 [DE-99] at 16. Harrison made no response. *See id.* When Harrison's individual arraignment began, the court asked a few initial questions and found him competent to plead. *See id.* at 17. The court then asked Harrison a series of questions to determine whether to accept his guilty plea:

| | |
|---|---|
| The Court: | I've been handed a plea agreement indicating you wish to plead guilty to Count Two. |
| Defendant: | Yes, sir. |
| The Court: | Is that what you want to do? |
| Defendant: | Yes, sir. |
| The Court: | Enter his plea of not guilty to Count One. The court will now determine whether or not to accept your plea of guilty to Count Two. Mr. Harrison, you were in the courtroom a moment ago when the court explained your rights to a jury trial under the Constitution and laws of the United States with regard to the charges pending against you. Do you understand you must give up those rights associated with a jury trial in order to plead guilty? |
| Defendant: | Yes, sir. |
| The Court: | Do you understand the possible consequences of your plea? |
| Defendant: | Yes, sir. |

4

| | |
|---|---|
| The Court: | Are you sure that you want to enter a plea of guilty? |
| Defendant: | Yes, sir. |

\* \* \*

| | |
|---|---|
| The Court: | Has anyone threatened you or anyone else or forced you in any way to plead guilty? |
| Defendant: | No, sir. |
| The Court: | Mr. Tarlton [Harrison's counsel at the Rule 11 hearing], have you timely apprised the defendant of the sum and substance of each plea agreement offered to the defendant by the prosecutor as it was communicated to you? |
| Mr. Tarlton: | Yes, your honor. |
| The Court: | Have you fully discussed with the defendant the ramifications of the plea agreement and the ramifications of going to trial? |
| Mr. Tarlton: | Yes, I have, your honor. |
| The Court: | Mr. Harrison, have you read the plea agreement that's been offered to you by the government? |
| Defendant: | Yes, sir, I have. |
| The Court: | Have you discussed it with your lawyer? |
| Defendant: | Yes, sir, I have. |
| The Court: | Do you understand that whether to accept the written plea agreement or not is for you and you alone to decide? |
| Defendant: | Yes, sir, I do. |
| The Court: | Do you have any questions about the contents of the plea agreement at this time? |
| Defendant: | No, sir. |
| The Court: | Now, you've accepted the plea agreement offered to you by the government, is that correct? |
| Defendant: | Yes, sir. |

*See id.* at 17, 19-22. At that point, the entirety of the plea agreement was read into the record. *See id.* at 22-26. The court then continued its questioning:

| | |
|---|---|
| The Court: | Are those the terms of your agreement with the government? |

5

| | |
|---|---|
| Defendant: | Yes, sir, they are. |

* * *

| | |
|---|---|
| The Court: | Has anyone made any promise other than the plea agreement that induced you to plead guilty? |
| Defendant: | No, sir, they didn't. |
| The Court: | Is there any other information or advice that you want before the court accepts your plea? |
| Defendant: | No, sir, I don't. |

*Id.* at 26-27. The court then found that the plea was freely and voluntarily entered by the defendant. *Id.* at 27.

At no point during the Rule 11 proceedings did Harrison raise duress or any other issue with his plea. He did not request more time to consider the plea agreement. He did not raise any concerns about his representation. In sum, nothing indicates that his plea was anything but freely and voluntarily made.

Indeed, even after Harrison raised concerns in a letter about how his case had been handled, he still expressed his desire to continue forward with sentencing. At the sentencing hearing on March 30, 2015, Mr. Tarlton raised an oral motion to withdraw as counsel based on the representations in Harrison's letter. Harrison stated that he was not attempting to blame Tarlton and did not want Tarlton to withdraw as counsel. Instead, Harrison wished to continue forward. However, Tarlton was adamant that a conflict existed, even suggesting that Harrison's letter might be construed as a motion to withdraw Harrison's guilty plea. The court allowed Tarlton to withdraw and continued the sentencing hearing to a later date. At no point did Harrison state that he wanted to withdraw his guilty plea or affirm Tarlton's characterization of his letter as a motion to withdraw his guilty plea.

6

The court finds no evidence that Harrison's plea was made under duress. To the contrary, the court found, in open court, that his plea was freely and voluntarily made. There is insufficient evidence to overturn that finding. This factor weighs against Harrison's motion.

### B. Credible Assertion of Legal Innocence

To establish a credible assertion of legal innocence, the defendant bears the burden of presenting "evidence that (1) has the quality or power of inspiring belief, . . . and (2) tends to defeat the elements in the government's *prima facie* case or to make out a successful affirmative defense." *United States v. Thompson-Riviere*, 561 F.3d 345, 353 (4th Cir. 2009) (internal quotation marks and citations omitted). Harrison has not met that burden.

In his motion and in several letters to this court, Harrison does not assert his legal innocence, but rather attempts to poke holes in the government's case. However, the deficiencies that he points to do not "tend[] to defeat the elements in the government's *prima facie* case." *Thompson-Riviere*, 561 F.3d at 353. At very best, they weaken elements of the government's case. This does not meet the burden required by *Thompson-Riviere*. This factor weighs against allowing withdrawal of Harrison's guilty plea.

### C. Delay Between Guilty Plea and Motion to Withdraw Plea

More than five months passed between Harrison's arraignment, where he pled guilty to Count Two of the Indictment, and the filing of the present motion. That is a substantial amount of time. Indeed, even if, *arguendo*, the court were to construe a letter received from Harrison on March 17, 2015, as a motion to withdraw his guilty plea, more than two months would have passed between the guilty plea and the letter. Harrison does provide some reasons for the delay, namely the need for substitute counsel to become accustomed to the case and investigate the facts surrounding the guilty plea. However, the court can give only little weight to those reasons

7

given the court's previous discussion of Harrison's Rule 11 hearing, Harrison's letter to the court prior to sentencing, and Harrison's desires to continue forward with the March 30 sentencing. Viewing this factor in the light most favorable to Harrison, which the court is not required to do, the court will not weigh this factor for or against Harrison in considering his motion.

### D. Close Assistance of Competent Counsel

"A defendant can demonstrate the absence of close assistance of counsel for purposes of the *Moore* test *only* by showing that her 'counsel's performance fell below an objective standard of reasonableness.'" *United States v. Sparks*, 67 F.3d 1145, 1153 (4th Cir. 1995) (emphasis added) (quoting *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992)). Harrison has made no such showing. Instead, the court has reviewed the record and notes that both Ms. Godwin and Mr. Tarlton were diligent in filing appropriate motions before trial and in securing a favorable plea agreement for Harrison. These are not the actions of incompetent counsel. There is no evidence, other than Harrison's word, that their actions fell below an objective standard of reasonableness. This factor weighs against withdrawing Harrison's guilty plea.

### E. Prejudice to the Government

The government concedes that it "is only prejudiced here to the extent that a guilty plea gives the Government finality." Government's Response to Defendant's Motion to Withdraw Guilty Plea [DE-98] at 9. The government is otherwise ready to proceed to trial any time after mid-August. *See id.* This factor thus weighs in favor of Harrison's motion.

\* \* \*

Given this discussion, the court declines to evaluate the sixth *Moore* factor of whether withdrawal would waste judicial resources and inconvenience to the court. Of the five previously discussed *Moore* factors, three factors, arguably the most important factors, weigh against

8

allowing Harrison to withdraw his guilty plea. One factor weighs neither for nor against withdrawal. The one factor that weighs in favor of withdrawal is conceded by the government. The factors as a whole weigh against allowing withdrawal of the guilty plea. At Harrison's arraignment, the court found that Harrison made his plea freely and voluntarily. The court finds no reason to allow him to withdraw that plea now. Harrison's Motion to Withdraw Guilty Plea [DE-95] is DENIED.

## III. CONCLUSION

For the reasons stated herein, Harrison's Motion to Withdraw Guilty Plea [DE-95] is DENIED. Sentencing in this matter is set for the court's August 31, 2015 term.

SO ORDERED.

This, the 24 day of July, 2015.

James C. For
JAMES C. FOX
Senior United States District Judge